989 F.2d 501
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Charles WARD, Plaintiff-Appellant,
v.
William HUDSON, Defendant-Appellee.
 No. 92-1775.
 United States Court of Appeals, Sixth Circuit.
 March 11, 1993.
 
 1
 Before BOGGS and BATCHELDER, Circuit Judges, and MANOS, Senior District Judge.*
 
 ORDER
 
 2
 Michael Charles Ward, a pro se Michigan prisoner, appeals a district court judgment granting defendant-appellee's motion for costs. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Ward filed a civil rights complaint under 42 U.S.C. § 1983 against the chairman of the Michigan parole board contending that he was denied his right to be considered for parole. The district court granted defendant's motion for summary judgment and denied leave to appeal in forma pauperis. This court denied Ward's motion to proceed in forma pauperis on appeal and dismissed the appeal for want of prosecution in Case No. 92-1584.
 
 
 4
 Meanwhile the district court granted defendant's motion for costs in the amount of $35.50 and denied Ward leave to appeal in forma pauperis. Thereafter, this court granted Ward leave to appeal in forma pauperis as to this order. On appeal, Ward argues that the district court's order is insufficient to provide adequate appellate review and that the district court abused its discretion in granting defendant's motion for costs.
 
 
 5
 Upon review, we conclude that the district court abused its discretion in awarding defendant costs. See Weaver v. Toombs, 948 F.2d 1004, 1009-11 (6th Cir.1991). A district court is required to determine whether an individual has the capacity to pay the costs that are assessed where indigency is claimed by the unsuccessful party against whom the costs are to be assessed. Id. at 1013. This requirement includes inquiry into a prisoner's account. Id. The district court, using a form order and without explanation, awarded defendant $35.50 in costs. The order does not indicate that the court considered Ward's ability to pay the costs or that any inquiry was made as to Ward's account. Given the court's cryptic order, we conclude that the district court abused it discretion in granting defendant's motion for costs.
 
 
 6
 Accordingly, we vacate and remand the district court's judgment awarding costs for further consideration. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John M. Manos, Senior U.S. District Judge, for the Northern District of Ohio, sitting by designation